IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff - Appellee, <br> v. <br> SEAN HARRINGTON, <br> Defendant - Appellant. | 1:11-cr-00427-AWI <br><br> ORDER AFFIRMING <br> APPELLANT'S CONVICTION |

**INTRODUCTION**

After appellant Sean Harrington ("Harrington") was arrested on suspicion of drunken driving in Yosemite National Park, he was read the full California admonition for drunken driving arrestees by the park ranger on jailer duty. The California admonition states that an arrestee is required by state law to submit to a chemical test. The admonition separately warns that refusal to submit to testing will "result in a fine and imprisonment if this arrest results in a conviction of driving under the influence." Under federal law, which applies within the park, an additional fine and/or imprisonment is not contingent upon a conviction for driving under the influence; rather, it is a separate offense. The government dismissed the charge of DUI against Harrington, but Harrington was convicted for refusing to submit to a chemical test, pursuant to 36 C.F.R. § 4.23(c)(2). In entering the conviction, the magistrate judge rejected Harrington's

defense of entrapment by estoppel, which was based on the ranger's use of the incorrect admonition. The magistrate concluded that Harrington could not show the necessary element of reliance on an official's faulty information because Harrington's "manner of declination made it quite clear that regardless of what was said to him, he was not going to submit to a blood test." Doc. 17 at 6:15-17.

The question on appeal is whether Harrington, contrary to the magistrate's ruling, presented sufficient evidence at trial to prove the affirmative defense of entrapment by estoppel. Harrington's counsel also argues that Harrington's conviction should be overturned because of "officer-induced confusion." This is a doctrine of state law and not applicable here. For reasons discussed below, the court AFFIRMS Harrington's conviction.

## STANDARD OF REVIEW

Claims based on sufficiency of the evidence are ordinarily reviewed de novo. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). In weighing claims that challenge the sufficiency of the government's evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A defendant has the burden of proving entrapment by estoppel. *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004). The defense of entrapment by estoppel in this case would serve as a legal excuse for Harrington's refusal of a chemical test because the defense would not serve to negate any necessary element of the crime. It is presumed, where there is no evident congressional intent to the contrary, that a defendant must prove a defense based on "circumstances of justification, excuse or alleviation" by a preponderance of the evidence . *Dixon v. United States*, 548 U.S. 1, 8, 17 (2006) (internal quotation marks omitted); *see also* Ninth Circuit Manual of Model Crim. Jury Instructions §§ 6.5 to 6.7 (2010). Therefore, the court will examine whether any rational trier of fact could have found that the defendant failed to show by a

preponderance of the evidence any of the elements of an entrapment by estoppel defense.

**FACTS**

Harrington was arrested around 10:30 p.m. on June 10, 2011, by Sean Alan Cave in Yosemite National Park on suspicion of driving under the influence, in violation of 36 C.F.R. § 4.23(a). Harrington was parked in a restricted lot marked by "Do Not Enter" signs when he was approached by Cave, who was employed by the Yosemite National Park Service and on "valley patrol" the night of June 10, 2011. Doc. 23 at 28:22–29:6. Cave found Harrington with an open beer in the car. *Id*. 39:6-15. Cave testified that Harrington's car smelled of alcohol, that Harrington's eyes appeared glassy, and his speech was slightly slurred. *Id*. at 37:15–38:3. Based upon these signs, as well as Harrington's unsteady gait and argumentativeness, Cave testified that he believed Harrington was under the influence of alcohol to the degree that would make him unsafe to operate the vehicle. *Id*. at 42:22–43:11. Cave then arrested Harrington. *Id*. at 43:13.

Leslie Schwille, a ranger for the National Park Service, was the assigned jailer when Harrington was brought into custody. *Id*. at 62:21–63:6. She read the California admonition for drunken driving arrestees to Harrington. Id. at 64:1-4. The first point of the admonition states: "You are required by state law to submit to a ... chemical test to determine the alcohol ... content of your blood." Exhibit 2, Appellant's Excerpts of Record. The second point gives the arrestee a choice between a blood test and breath test where he is suspected for being under the influence of alcohol. *Id*. The third advises the arrestee that his license will be suspended for a year if he refuses to be tested. Id. The fourth point states: "Refusal or failure to complete a test may be used against you in court. Refusal or failure to complete a test will also result in a fine and imprisonment if this arrest results in a conviction of driving under the influence." *Id*. The fifth point warns the arrestee that he does not have the right to an attorney before deciding whether to be tested, and the sixth point provides that the arrestee must complete the remaining test if he is unable to submit to the first. *Id*. Harrington declined to take a breath test, and also did not take

the blood test after initially agreeing to that test. Doc. 23 at 65:5-15.

Matthew Jacobs, a supervisory park ranger employed by Yosemite National Park, arrived at the jail after Harrington had been brought there. *Id*. at 80:3–81:3. Jacobs heard Scwhille read the California admonition. *Id*. at 83:7-10. Jacobs subsequently repeated the fifth provision of the admonition that notified Harrington that he did not have a right to a lawyer before testing. *Id*. at 119-20, 129-30. Jacobs testified that Harrington interrupted the readings frequently and asked many questions. *Id*. at 82:16-18. Harrington also asked several times to speak with a lawyer and explained that he had never been in federal custody. *Id*. at 90:22–92:19. In his testimony, Jacobs stated that the admonition read by him and Schwille was the California admonition, and that Yosemite National Park had adopted California's admonition. *Id*. at 84:14–85:4.

After being recalled as a witness, Schwille acknowledged the differences between the California admonition that was read to Harrington and the federal law. *Id*. at 133:19–134:20. Schwille also agreed that the fourth point of the California admonition — that refusal will result in an additional fine and imprisonment if the suspect is convicted on DUI — is incorrect as to the federal law applicable in Yosemite National Park, which holds that refusal can result in a fine and imprisonment regardless of whether the suspect is convicted on DUI. *Id*. at 134:17-20

# DISCUSSION

Harrington was convicted at trial of violating 36 C.F.R. § 4.23(c)(2). Subsection (c) states:

> (1) At the request or direction of an authorized person who has probable cause to believe that an operator of a motor vehicle within a park area has violated a provision of paragraph (a) of this section, the operator shall submit to one or more tests of the blood, breath, saliva or urine for the purpose of determining blood alcohol and drug content.
>
> (2) Refusal by an operator to submit to a test is prohibited and proof of refusal may be admissible in any related judicial proceeding.

4

36 C.F.R. § 4.23(c). To convict Harrington under subsection (c)(2), the government had to prove that (1) Harrington did in fact refuse to submit to a chemical test and (2) probable cause was present to believe that he was intoxicated with alcohol or drugs and the combination thereof to a degree that would render him incapable of safe operation of his vehicle. Doc. 23 at 23:22–24:2.

On appeal, Harrington does not argue that probable cause was not shown by the government. Nor does Harrington argue that he did not in fact refuse to be tested. Rather, Harrington argues that the rangers' inaccurate statements of the law affirmatively misled Harrington and either caused officer-induced confusion or constituted entrapment by estoppel. The court will consider each theory in turn.

**1. *Officer-induced confusion***

In *Rust v. Department of Motor Vehicles*, a California appellate court overturned the suspension of the defendant's driver's license where the defendant refused to be tested until he got an attorney, after the arresting officer had explicitly told the defendant he had a right to attorney but did not qualify that statement with the warning that he did not have the right to an attorney before deciding whether to be tested. 267 Cal. App. 2d 545, 546-47 (4th Dist. 1968). This case forms the basis for the doctrine of officer-induced confusion argued by Harrington. In *McDonnell v. Department of Motor Vehicles*, the defendant invoked the doctrine after an officer had warned him that he did not have the right to an attorney before testing and later read the *Miranda* warning, which informs a suspect that he has the right to an attorney. 45 Cal. App. 3d 653, 656-57 (1st Dist. 1975). The court found that the single, unembellished reading of *Miranda* was insufficient to establish officer-induced confusion. . at 659.

The doctrine of officer-induced confusion was formed and has been applied in the context of the California Penal Code. This case arises from charges pursuant to the Code of Federal Regulations, so the doctrine of officer-induced confusion, which is a creature of California law, can not be properly applied here. See *United States v. Brobst*, 558 F.3d 982, 989-

91 (9th Cir. 2009) (refusing to apply a precedent based on state law where the defendant was charged with a federal crime).

**2. *Entrapment by estoppel***

While the doctrine of officer-induced confusion does not appear in federal law, entrapment by estoppel may serve in similar situations as an affirmative defense to federal crimes. Entrapment by estoppel applies where (1) an authorized government official empowered to render the claimed erroneous advice (2) who has been made aware of all the relevant historical facts (3) affirmatively tells the defendant the proscribed conduct is permissible, *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (citations omitted), and (4) the defendant reasonably relies on the misleading information.; *United States v. Hancock*, 231 F.3d 557 (9th Cir. 2000). The defense derives from the Due Process Clause of the United States Constitution, which prohibits convictions based on misleading actions by government officials. *Batterjee*, 361 F.3d at 1216. (citing *United States v. Tallmadge*, 829 F.2d 767, 774 (9th Cir. 1987)).

Harrington raised the defense in post-trial briefing, and the magistrate judge responded in his final decision by finding that the evidence could not support a showing that Harrington had relied on the rangers' misinformation. "Indeed," the court wrote, Harrington's "manner of declination made it quite clear that regardless of what was said to him, he was not going to submit to a blood test." Doc. 17 at 6:15-17. The other elements of entrapment by estoppel were not analyzed. This court will analyze each element in order to determine whether entrapment by estoppel should have applied in this case.

*Authorized official empowered to give advice*

A defendant invoking entrapment by estoppel must first show that the advice was rendered by an authorized government official empowered to render the claimed erroneous advice. *United States v. Brebner*, 951 F.2d 1017, 1024, 1027. Ranger Schwille read Harrington

the portion of the admonishment argued to be misleading. Schwille testified that she is employed by the National Parks Service and that she was on "jailer" duty the night that Harrington was arrested. Schwille was therefore an employee of the federal government. In *Batterjee* and *Tallmadge*, licensees of the federal government were held to be authorized officials empowered to render advice for purposes of entrapment by estoppel. *Batterjee*, 361 F.3d at 1217; *Tallmadge*, 829 F.2d at 774. The court in *Tallmadge* reasoned that federally-licensed gun dealers are required to alert buyers of certain restrictions on the purchase of firearms and are also admonished to be familiar with federal gun control law. 829 F.2d at 774. Schwille, on jailer duty when she spoke with Harrington, was empowered to detain arrestees, advise them of their rights and warn them of the legal consequences of their actions. This is similar to the gun dealers' responsibilities cited by *Batterjee* and *Tallmadge*. A federal park ranger on jailer duty has sufficient authority to render advice for the purposes of entrapment by estoppel.

*Aware of all the relevant historical facts*

An authorized official for purposes of entrapment by estoppel must also have been aware of all relevant historical facts at the time he renders the faulty advice. *Tallmadge*, 829 F.2d at 774. In *Tallmadge*, entrapment by estoppel would not have applied if Tallmadge had not told the gun dealer of his prior conviction, because the dealer would not have had knowledge of a fact necessary to give competent advice on the law under which Tallmadge was prosecuted. Here, Schwille knew that Harrington had been arrested for drunken driving in the national park and that he had not yet submitted to chemical testing for alcohol. These facts were sufficient for Schwille to render competent advice on the consequences for a DUI suspect arrested on federal land of refusing a chemical test. Therefore, there is sufficient evidence to fulfill the first two elements necessary for a defense of entrapment by estoppel.

*Affirmative misleading*

In order to succeed on an entrapment by estoppel defense, a preponderance of the evidence must show that he was affirmatively told that the proscribed conduct is permissible. *Batterjee*, 361 F.3d at 1216. Harrington argues that the fourth point of the California admonition implicitly assured Harrington that refusing to submit to a chemical test is not a separate offense, but rather that prosecution for refusal is contingent upon a conviction on DUI. The fourth point states: "Refusal or failure to complete a test may be used against you in court. Refusal or failure to complete a test will also result in a fine and imprisonment if this arrest results in a conviction of driving under the influence." The first point of the California admonition, which was read to Harrington by Ranger Schwille, states: "You are required by state law to submit to a ... chemical test to determine the alcohol ... content of your blood."

The government argues that the California admonition makes clear in the first point that refusing a chemical test is prohibited, and that the fourth point did not affirmatively mislead Harrington to believe otherwise. The government urges that the rule from *United States v. Ramirez-Valencia*, 202 F.3d 1106 (9th Cir. 2000), be applied to this case.

In *Ramirez-Valencia*, the defendant sought to invoke the entrapment by estoppel defense after his conviction for being a deported alien found in the United States. *Id*. at 1108. Ramirez-Valencia argued that an Immigration and Naturalization Services form implied that returning to the United States after five years would not be illegal. The form stated:

> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of United States Code, Section 1326) any deported person who within five years returns without permission is guilty of a felony.

*United States v. Aquino-Chacon*, 109 F.3d 936, 937 (4th Cir. 1997). The court denied Ramirez-Chacon's argument because the form "did not expressly tell defendant that it was lawful for him to return to the United States after five years." Further, the court explained that the form's admonition that the deportee must obtain permission before returning to the United States

8

undercut any argument that the defendant was led to believe that returning without permission could ever be lawful. The court did note that the form was an incorrect statement of the law, but this fact was not sufficient to show the affirmative misleading required by the entrapment by estoppel defense.

The admonition read to Harrington is not a correct statement of federal law. The fourth point does imply that refusing to be tested is illegal only if the defendant is convicted on DUI, and, as Harrington points out, the California Penal Code does in fact make prosecution for refusing a chemical test contingent upon a DUI conviction. Cal. Penal Code § 23577. But the first point of the admonition here, stating that the arrestee is required by state law to submit to a chemical test, has the same effect as the INS form's statement that permission must be obtained before returning to the United States. The first point makes clear that refusing to submit to testing is not permissible. In light of the entire California admonition and because the record shows that Harrington was read the entire admonition, Harrington cannot prove by a preponderance of the evidence that he was affirmatively led to believe that refusing a chemical test was permissible.

It should be noted that the fourth point of the California admonition, on its own, is misleading as to the legality of refusing a chemical test. Stating that refusal will be punished if the arrestee is convicted on DUI could reasonably lead an arrestee to believe that refusal is not punishable if the he is not convicted on DUI. The federal admonition, on the other hand, emphasizes the fact that refusal constitutes a separate offense under federal law and that it is punishable regardless of whether the arrestee is convicted on DUI. The testimony in this case revealed some confusion on the rangers' part about the difference between state and federal law; this troubles the court. Where a ranger makes a statement of the law to a suspect, it is in the interest of both the government and the suspect that the ranger understand the applicable law and have the ability to state it clearly. If the first point of the California admonition had not been read, Harrington's conviction may have been in doubt.

*Reasonable reliance*

Because the evidence fails to show that Harrington was affirmatively misled, any error in the magistrate judge's ruling on reliance was harmless. Fed. R. Crim. P. 52(a). This court will briefly review the magistrate judge's analysis of this element.

The magistrate determined that Harrington failed to meet the element of reliance because Harrington's "manner of declination made it quite clear that regardless of what was said to him, he was not going to submit to a blood test." This analysis employs a subjective standard of reliance; it is an inquiry into Harrington's state of mind.

*Raley v. Ohio*, 360 U.S. 423 (1959) is a foundational case for the doctrine of entrapment by estoppel. In *Raley*, the Supreme Court reversed convictions of appellants who had violated state law by refusing to answer questions before the Ohio "Un-American Activities Commission" after the Commission had advised them that they could rely on a state privilege against self-incrimination. In reaching its decision, the Court rejected the use of a subjective standard for reliance by the court below, calling it unnecessary "speculation" in the face of fatally misleading conduct by the government. *Id.* at 439.

The Ninth Circuit has similarly based its reasoning for reliance on an objective standard. In *Tallmage*, the court asserted that "[w]e have no doubt that under the doctrine of entrapment by estoppel a person could not be prosecuted under [the statute prohibiting firearm possession by felons] if an [Alcohol, Tobacco and Firearms] official had represented that a person convicted of a felony can purchase firearms after the charge has been reduced to a misdemeanor." 829 F.2d at 774. This statement of sufficient facts for an entrapment by estoppel defense does not include the citizen's subjective state of mind. Rather, as in *Raley*, it implies that an affirmative misstatement of the law by an official, under circumstances making the statement authoritative and believable, effectively deprives the government of the authority to prosecute the resulting breach of the law.

The caselaw is persuasive that the reliance element in an entrapment by estoppel defense

should be measured by an objective standard rather than a subjective standard based on the defendant's state of mind. The court need not decide the issue here because Harrington failed to meet his burden of proof as to the necessary element of affirmative misleading.

**CONCLUSION AND ORDER**

For the foregoing reasons, Harrington did not meet his burden to prove an entrapment by estoppel defense, and the court AFFIRMS Harrington's conviction under 36 C.F.R. § 4.23(c)(2).

IT IS SO ORDERED.

Dated: August 9, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE